IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY WADE STEPHENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:18-cv-0092 |
| ) | Judge Aleta A. Trauger |
| WAVERLY D. CRENSHAW, JR. ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM

The plaintiff Johnny Wade Stephens, proceeding *pro se*, has filed a complaint against defendant Chief Judge Waverly D. Crenshaw, Jr. (ECF No. 1.) Before the court are the plaintiff's application to proceed *in forma pauperis* (ECF No. 6) and a Motion for Orders to be Transcribed and Mailed (ECF No. 8.) In addition, his complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### I. Application to Proceed as a Pauper

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it appears from his submissions that the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, the application (ECF No. 6) will be granted.

However, under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the plaintiff will be assessed the full $350 filing fee, to be paid as directed in the accompanying order.

## II. Initial Review of the Complaint

### A. Factual Allegations

In his complaint, the plaintiff alleges that on March 28, 2016, he filed a case against the Franklin County Jail for overcrowding. (ECF No. 1 at Page ID# 7) The case was originally assigned to Judge Sharp, who transferred it to the Eastern District of Tennessee, the proper venue for the case. (*Id.*; *see also Stephens v. Franklin County Jail et al.*, Case No. 3:16-cv-0682 (M.D. Tenn.) at ECF No. 3.) The plaintiff sent letters to the court seeking information about the status of his case, to which the court responded. (*Id.*; *see also* ECF No. 7-8.)[1] On June 1, 2017, the plaintiff filed a Motion to Reopen Case, which was denied by Judge Crenshaw on June 27, 2017. (*See Stephens*, Case No. 3:16-cv-0682 at ECF Nos. 11-12.)[2] On July 29, 2016, the case file was destroyed. (*See id.*) The plaintiff complains that he did not receive notice that his case file would be destroyed.

The plaintiff also complains that Judge Crenshaw denied his Motion to Reopen Case because the plaintiff believes that his Motion to Reopen Case was returned to him as undeliverable.

As relief, the plaintiff seeks money damages. (ECF No. 1 at Page ID# 7.)

---

[1] Although not noted in the plaintiff's complaint, in response to the plaintiff's letters, the court sent copies of the case docket sheet, which provided the plaintiff with the information he sought.
[2] After Judge Sharp left the court, the plaintiff's case was randomly reassigned to Judge Crenshaw. (*See Stephens*, Case No. 3:16-cv-0682.)

## B. Standard of Review

If an action is filed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that "the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under [§ 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)"). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

The court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDaniel*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Williams*,

631 F.3d at 383 (recognizing that "[p]ro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." (internal quotation marks and citation omitted).) *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The court is not required to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her").

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**C. Discussion**

The plaintiff's complaint must be dismissed for failure to state a claim upon which relief can be granted. On February 23, 2011, the judges of this court adopted Administrative Order 184, available on the court's website, concerning the destruction of paper documents filed in the court after March 31, 2011. Administrative Order 184 directed the destruction of paper case files

thirty days after final determination of any action, unless otherwise prohibited by the court. As such, the court was within its authority to destroy the paper file in this case on July 29, 2016. It is worth noting that the electronic case file, with scanned images of the documents filed in this case, exists in perpetuity.

With respect to the plaintiff's claim that Judge Crenshaw ruled on a motion that was returned as undeliverable, he is simply wrong. The court received and Judge Crenshaw ruled on the plaintiff's Motion to Reopen Case. However, Judge Crenshaw's order denying the plaintiff's Motion to Reopen Case was inadvertently sent to the wrong address. The copy of Judge Crenshaw's order intended for the plaintiff was returned to the court as undeliverable. As noted on the case docket, Judge Crenshaw's order was mailed to the plaintiff at the correct address on July 12, 2017.[3]

### D. Motion to Transcribe and Mail Orders

The plaintiff has filed a motion requesting that the court transcribe and mail its orders to him as he does not have access to a computer to read the electronic docket. The plaintiff's motion will be granted. As is the court's practice for all incarcerated plaintiffs, the court will mail to the plaintiff a copy of its written orders.

## III. CONCLUSION

Because the complaint does not contain sufficient facts to allege any claims upon which relief may be granted, this action will be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii). The plaintiff's motion to transcribe and mail orders will be granted. For the same reasons that the court dismisses this action, the court finds that an appeal of this action would not be taken in good faith. The court therefore certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in

---

[3] This should have been obvious to the plaintiff when he received a copy of the case docket from the court on February 26, 2018. (*See Stephens*, Case No. 3:16-cv-0682 at ECF No. 16.)

5

this matter by the plaintiff would not be taken in good faith, and the plaintiff will not be granted leave by this court to proceed on appeal *in forma pauperis*. An appropriate order is filed herewith.

ENTER this 15th day of May 2018.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE